IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRISTOPHER BROWN,            )
                              )
          Plaintiff,          )
                              )
     v.                       )    1:22-CV-920
                              )
MARTIN J. O'MALLEY,           )
Commissioner of Social        )
Security,                     )
                              )
          Defendant.          )

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

This case is before the court on the Plaintiff Christopher Brown's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), and expenses filed on June 27, 2024. (Doc. 20.) The Commissioner challenges both Brown's right to a reasonable fee and the amount requested. (Doc. 22.) Brown replied in opposition. (Doc. 24.) For the reasons set forth below, the court determines that Brown should be awarded an attorney's fee under the EAJA in the amount of $14,489.59.

I.  **BACKGROUND**

Brown applied for disability insurance benefits on January

14, 2021. (Tr. at 27.)[1] His claim was denied by the North Carolina state agency. (Tr. at 59-84.) An administrative law judge ("ALJ") held a telephonic hearing on March 9, 2022 (Tr. at 43-58) and later that month issued a written decision unfavorable to Brown (Tr. at 27-38). The Appeals Council denied Brown's request for review. (Tr. at 1-7.) Brown then filed this action, and on November 14, 2023, the magistrate judge issued a recommended ruling in favor of the Commissioner. (Doc. 15.) On March 29, 2024, this court sustained Brown's objections to the recommendation and ordered that the Commissioner's decision finding no disability be reversed and remanded for further proceedings. (Doc. 18.) Brown now moves for attorney's fees in the amount of $19,376.47 for 79.30 attorney hours pursuant to § 2412(d)(1)(A) of the EAJA. (Doc. 20.)

## II. ANALYSIS

### A. Whether Government Was Substantially Justified

The Commissioner argues that Brown is not entitled to attorney's fees because the Government's position was substantially justified.[2] (Doc. 22 at 7-9.) He primarily relies on the recommendation from the magistrate judge to affirm the

---

[1] Transcript references are to the sealed administrative record at docket entry 8.

[2] The Commissioner states in the introduction of his brief that he "does not dispute that an EAJA award is appropriate" and only requests a reduction in the award. (Doc. 22 at 1.) However, he goes on to argue that Brown is not entitled to a fee award both in the body of the brief (see id. at 7-9) and in the conclusion (id. at 15).

2

Commissioner's decision as evidence that reasonable minds can differ on the issues presented in this case, citing to the similar reasoning in Hodge v. Berryhill, No. 5:15-CV-248, 2017 WL 758494, at *2 (E.D.N.C. Feb. 27, 2017). (Id. at 9.)

Brown distinguishes this case from Hodge and argues that the Government's position was not substantially justified. He asserts that "the ALJ failed to discuss relevant evidence, imposed a requirement [that Plaintiff be hospitalized or institutionalized as a result of his illness] not in the regulations, did not explain why he . . . discounted or did not discuss certain relevant evidence in the treatment notes, failed to consider the extent [Plaintiff] could perform daily activities, and failed to explain why he found treating medical opinions unpersuasive." (Doc. 24 at 4-5.)

Parties who prevail in litigation against the United States are entitled under the EAJA to a reasonable attorney's fee unless the United States was substantially justified in its litigation position. 28 U.S.C. § 2412(d)(1)(A). The court must award attorney's fees if (1) the claimant is the prevailing party; (2) the Government's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. See Crawford

3

v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

The Government's position was substantially justified if "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988). "[T]he Government need not prevail in an action for its position to have been substantially justified. Rather, the Government will avoid paying fees as long as 'a reasonable person could [have thought]' that its litigation position was 'correct.'" Meyer v. Colvin, 754 F.3d 251, 255 (4th Cir. 2014) (quoting Pierce, 487 U.S. at 566 n.2). The court looks to the totality of the circumstances, rather than proceeding issue-by-issue, when assessing the reasonableness of the Government's position. Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). The Government bears the burden of proving that its position was substantially justified. Meyer, 754 F.3d at 255 (citing Crawford, 935 F.2d at 658).

While a magistrate judge's recommendation agreeing with the Government provides support for the argument that the Government's position was substantially justified, it is not dispositive. Holcomb v. Comm'r of the Soc. Sec. Admin., No. 8:13-CV-02066, 2016 WL 6068022, at *2 (D.S.C. Oct. 17, 2016); Groves v. Colvin, No. 3:14-CV-00044, 2015 WL 4093894, at *4 (W.D.N.C. July 7, 2015). Here, the court held that the ALJ's decision was "not susceptible

4

to meaningful judicial review" (Doc. 18 at 14), because he did not explain his reasoning, omitting a "logical bridge" between the evidence and his conclusions (id. at 17-18, 23). Specifically, the ALJ did not sufficiently explain his reasoning with respect to his assessment of the medical evidence, Brown's durational capacity to work, and NP Ganzman's medical opinions. (Id. at 17-18, 20-21, 23.) The court also concluded that he had failed to consider all relevant medical evidence. (Id. at 17.) The requirements that an ALJ must explain his or her reasoning and consider all relevant medical evidence are matters of well-settled Social Security law, and as such, the Government's position that the ALJ's analysis was sufficient was not substantially justified. See Tallent v. Comm'r of Soc. Sec., No. 1:17-CV-02066, 2019 WL 2513516, at *1 (D.S.C. June 18, 2019); Trappier v. Astrue, No. 3:11-2494, 2013 WL 706800, at *1 (D.S.C. Feb. 26, 2013); see also Lewis v. Berryhill, 858 F.3d 858, 868-69 (4th Cir. 2017); Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016) (citing Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)). Therefore, the court will grant Brown's motion for attorney's fees pursuant to the EAJA.

### B. Reasonable Fee Award

In determining what is a reasonable fee, the court considers the number of hours at a reasonable rate, supported by the evidence

of hours worked and rates claimed, with the burden resting on the plaintiff. Hyatt v. Barnhart, 315 F.3d 239, 248, 253 (4th Cir. 2002); 28 U.S.C. § 2412(d)(2)(A); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The court may also consider (1) the novelty and complexity of the issues presented, (2) the experience and skill of the attorney, and (3) the typical range of compensated hours in a particular field. Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243-44 (4th Cir. 2009).

The Commissioner does not object to Plaintiff counsel's requested rate of compensation (approximately $244 an hour) but does object to the 79.3 attorney hours for which he seeks to recover. The Commissioner requests a sixty percent reduction of the total fee, from $19,376.47 to $7,750.59, arguing that the hours are excessive considering the level of experience of Brown's attorneys and the nature of his case. (See Doc. 22 at 15-16.) The Commissioner also argues that Brown's medical record index included as an attachment to his initial brief was unnecessary and did not include any formal legal analysis, rendering time spent preparing it not compensable. (Id. at 10-13.) Finally, he contends that the average Social Security case is reasonably expected to involve twenty to forty hours of work, which is far below the nearly eighty hours of work recorded by Brown's counsel. (Id. at 14-15.) Given that Brown's attorneys have extensive

6

experience with Social Security cases and the issues in his case were neither "complex [n]or novel," the Commissioner argues, Brown's case should not have required twice the typical number of reasonable hours. (Id.)

Brown responds that the attorney fees requested are reasonable on several grounds. He argues that the issues in his case were fact-specific and required a time-intensive review of the administrative record. (Doc. 24 at 6.) He also points out that the Commissioner's brief was not supported by affidavits from Social Security practitioners (id. at 6-7, 10, 13) and contends that courts have found requests involving a similar number of hours reasonable in other Social Security cases (id. at 11-12.)

The attorney's fees requested in this case appear excessive considering the experience of Brown's attorneys and the nature of the issues. Brown's counsel spent 39.2 total hours on the initial brief, 12.2 hours on the reply brief, and 24.9 hours on his objections to the magistrate judge's recommended ruling. (Doc. 21-2 at 1-3.) The briefs and objections focused on the same arguments and many of the same facts, as might be expected. Given the experience level of Brown's attorneys, the court finds that the total time spent preparing these documents is slightly excessive and will reduce the attorney hours requested by ten hours to account for the expected efficiency that comes from having

7

experienced counsel, especially when preparing three similar documents.

The court also agrees with the Commissioner that Brown is not entitled to recover attorney's fees for the time spent creating the medical index, which did not include legal analysis and was unnecessary to the case. See, e.g., Lewis v. Kijakazi, No. 7:21-CV-69, 2022 WL 2128558, at *2 (E.D.N.C. May 26, 2022); Mullis v. Kijakazi, No. 3:20-CV-00083, 2021 WL 4391879, at *3-4 (W.D.N.C. Sept. 24, 2021). The Commissioner requests that Brown's recorded number of hours be reduced by ten to account for the time spent on the medical index. (Doc. 22 at 13.) Brown neither responded to this argument in his reply brief nor specified for the court how much time was spent on the index. Moreover, if the time spent creating the index was recorded as time spent "analyzing medical evidence," (Doc. 21-2 at 1-2), the court finds that the twenty-one hours spent analyzing Brown's medical evidence for the initial brief are excessive and that an award for eleven hours is more reasonable. The court, therefore, agrees with the Commissioner that a reduction of ten hours is appropriate to account for the time spent on the medical index.

After carefully reviewing all filings, the court finds that a reduction of twenty hours, which is a reduction of about twenty-five percent, is appropriate in this case and will award Brown

8

attorney's fees in the amount of $14,489.59 for 59.3 attorney hours. The Commissioner does not challenge Brown's request for reimbursement of expenses of $24.18 for serving process.

**III. CONCLUSION**

For the reasons set forth,

IT IS ORDERED that Brown's motion for attorney's fees and expenses is GRANTED to the extent that the court awards attorney's fees in the amount of $14,489.59. Pursuant to Comm'r of Soc. Sec. v. Ratliff, 560 U.S. --, 130 S. Ct. 2521 (2010), the award will first be subject to offset of any debt Plaintiff may owe to the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to Brown and mailed to his counsel. If the United States Department of the Treasury reports to the Commissioner that Brown does not owe a federal debt, the Government will exercise its discretion and honor an assignment of EAJA fees and pay the awarded fees directly to Brown's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed. Brown is also awarded $24.18 in expenses for service of process by certified mail from the Judgment Fund by the United States Department of the Treasury pursuant to 28 U.S.C. § 2412(a)(1). The motion is otherwise DENIED.

/s/   Thomas D. Schroeder
                                        United States District Judge

November 20, 2024